**Steve MERRIWEATHER, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**AMERICAN CAST IRON PIPE COMPANY, a corporation, Defendant.**

**Civ. A. No. 71–229.**

United States District Court,
N. D. Alabama, S. D.

Aug. 22, 1973.

William T. Kominos, Birmingham, Ala., for plaintiff.

John D. Clements & James R. Forman, Jr., Samuel H. Burr, Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, Ala., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GUIN, District Judge.

After careful consideration of the evidence, both documentary and testimonial, the Court makes and enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. This action was instituted by the plaintiff under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

2. The plaintiff is a black person who was hired by the defendant on January 21, 1969, as a probationary employee and was discharged from that employment on February 3, 1969.

3. The defendant is a corporation with its principal place of business in the City of Birmingham, Alabama. The defendant is engaged in the production of cast iron and ductile iron pipe and fittings, valves, hydrants, steel pipe,

steel tubes, and other iron and steel castings of various alloys and shapes.

4. At the time the plaintiff was in the employ of the defendant, the defendant had approximately 2,666 employees, of whom 751 were black. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b).

5. At the time plaintiff made application to the defendant for employment, on January 7, 1969, plaintiff was requested to complete for defendant an application for employment form which, among other things, sought information as to plaintiff's prior employment history and information as to convictions of violating any law. Plaintiff listed information relative to five prior employers but omitted information as to four other employers in the Birmingham area, namely, Standard School Supply, A & P Warehouse, Pizitz, and Blach's. In response to the inquiry relative to convictions for violations of law, the plaintiff listed in his application for employment form a conviction of the charge of speeding on September 12, 1968, but he failed to list a conviction on February 2, 1962, of assault with intent to rape for which he was sentenced to a term of two years but was placed on probation for a period of three years. Plaintiff had been requested to list his prior employers in inverse chronological order. The form he was supplied on which to list those employers had six lines. He had more than six prior employers, but listed employers on only five lines. If he had listed on the sixth line the employer immediately prior to the one listed on the fifth line, he would have been forced to reveal that he was fired from that job for reasons which would have adversely affected his consideration for employment by the defendant. The Court finds that this was a very material omission.

6. On January 15, 1969, after further interview, the defendant offered a job to the plaintiff and on his acceptance the plaintiff was instructed to report on January 20, 1969, for completion of additional employment forms prior to his starting work on January 21, 1969.

On January 20, 1969, the plaintiff came to defendant's employment office and signed various employment forms, among which is one known as Identification and Employment Record on which defendant had had typed personal information from plaintiff's completed application for employment form. One part of this record is entitled "Work Experience" and plaintiff's prior employment history as set out on his application for employment was typed in this section of the Identification and Employment Record, being the same five prior employers shown on plaintiff's application for employment form. The plaintiff reviewed the information which had been typed on his Identification and Employment Record, and despite that part of the legend immediately above the signature line which reads as follows: "I authorize investigation of all statements contained in this employment record and I understand that my continued employment with the Company is predicated upon the truthfulness of the statements herein contained. Having read the entire contents of this employment and identification record, I place my signature hereto of my own free will and accord," the plaintiff signed this record without indicating his prior employment with any of the four employers omitted from his application for employment form.

7. In line with its customary practice, the defendant requested and obtained from the Merchants Credit Association a report on the plaintiff in which his employment by four employers in addition to those listed by plaintiff in his application for employment form was indicated, as well as arrest record for violations of the law other than the single violation placed by plaintiff on his application for employment form. Defendant's employment manager, on noting the discrepancies between the Merchants Credit Association report and the information contained on plaintiff's application for employment form, and also noting that plaintiff was not eligible for re-hire by three of the omitted employers,

summoned the plaintiff from his job to the Employment Office of the defendant on February 3, 1969, and upon determining from plaintiff of the truthfulness of the work history information contained in the Merchants Credit Association report, defendant's Employment Manager immediately terminated plaintiff's employment with the defendant on the basis of falsification by the plaintiff of his employment records. The Court further finds from the evidence that the employment manager on this occasion inquired of the plaintiff whether one of the arrests shown on the report from Merchants Credit Association (the one for assault with intent to rape) had resulted in a conviction, which plaintiff admitted. The Court finds from the evidence that the defendant did not consider the arrest record as such in determining upon discharge of the plaintiff, but did consider the felony conviction admitted to by the plaintiff in determining that the plaintiff had falsified his employment application.

8. During the year between May 19, 1968, and May 20, 1969, defendant discharged four employees for falsification of employment records, one of whom was the plaintiff and the other three were white employees.

9. The racial composition of defendant's work force was as follows on the dates indicated:

TOTAL WORK FORCE
AMERICAN CAST IRON PIPE COMPANY

| Date | Total | No. of White | No. of Black | % Black |
|------|-------|-------|-------|---------|
| 12–31–68 | 2,666 | 1,915 | 751 | 28.2% |
| 12–31–69 | 2,949 | 2,046 | 903 | 30.6% |
| 12–31–70 | 3,064 | 2,089 | 975 | 31.8% |
| 12–31–71 | 2,855 | 1,921 | 934 | 32.7% |
| 12–31–72 | 2,843 | 1,924 | 919 | 32.3% |

10. During the year 1969, defendant hired a total of 872 new employees, and of that number 641 were white and 234 were black, the black constituting approximately 27% of the total new hires. Since then, the number of black hires has constituted substantially the same or slightly higher percentage of the defendant's new hires.

11. According to statistics furnished by the Alabama Department of Industrial Relations, the percentage of blacks in the civilian work force in the Birmingham standard metropolitan statistical area, which includes Jefferson, Shelby and Walker Counties and is the area defendant draws from in obtaining its employees, amounted to 25.1% of the total civilian work force in that area.

12. The Court finds that plaintiff's discharge by defendant was because of plaintiff's falsification of his employment records and was not in any way motivated by racial considerations.

13. There is a total lack of evidence to support the charge that plaintiff's discharge by defendant was motivated in any way by racial considerations.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action and of the parties hereto.

2. Defendant's discharge of plaintiff on the basis of his falsification of his employment records and not on any racially discriminatory basis did not constitute a violation of either Title VII of the Civil Rights Act of 1964 nor of 42 U.S.C. § 1981.

3. The plaintiff is not entitled to any relief in this action but rather judgment should be entered in favor of the defendant, together with costs.

4. Counsel for the defendant will submit a proposed final judgment in accordance herewith within thirty (30) days.